IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JOHANNA DURAN DECKER,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER MEDEIROS, *et al.*,<br><br>Defendants. | Case No. 19-cv-00244-DKW-RT<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, (2) DENYING LEAVE TO AMEND, AND (3) DENYING AS MOOT PLAINTIFF'S MOTION TO ADD DEFENDANTS** |

**INTRODUCTION**

Before the Court is a motion for judgment on the pleadings brought by

Defendants Officer Michael Lucas-Medeiros, Prosecutor Mitchell Roth, and

Prosecutor Leneigha Downs ("Defendants").  Plaintiff Johanna Duran Decker's

Complaint alleges Constitutional violations arising from her April 2019 arrest and

subsequent prosecution on charges of driving without a license and without no-

fault insurance−charges of which Decker was convicted and her appeal

subsequently rejected.  As a result, as more fully discussed below, Decker's claims

are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and the Court GRANTS

Defendants' motion for judgment on the pleadings, Dkt. No. 33.

## RELEVANT BACKGROUND

On March 21, 2019, Officer Medeiros pulled Decker over as she was driving

on Highway 130 on the Big Island after determining that she was traveling in

excess of the speed limit.  Compl. at 5, 7, Dkt. No. 1-2.[1]  Decker failed to produce

a driver's license, registration, or insurance for her vehicle, despite being requested

to do so, resulting in her arrest by Officer Medeiros.  *Id.* at 7, 9.  Decker was taken

to the Keaau Police Station, where she was fingerprinted and photographed

without her consent.  *Id.* at 9.  At about this time, Decker was also read her

constitutional rights, which she alleges "should have been read upon first contact."

*Id.*  Decker was also denied copies of the U.S. and Hawai'i Constitutions.  *Id.* at 9,

11.

Prior to her trial, Decker was approached by a pretrial officer "with an offer

to apply for release, without the presence of plaintiff's legal counsel."  *Id.* at 11.

On March 22, 2019, Defendant Downs, a deputy prosecuting attorney, "padded"

the charges against Decker and "fraudulently accused" her of having a canceled,

suspended, or revoked driver's license.  *Id.* at 2, 11.

On July 25, 2019, Decker was convicted of Driving Without a License, in

violation of Hawaii Revised Statutes (HRS) § 286-102(b)(3), and Driving Without

---

[1]The paragraphs of the Complaint are not consecutively numbered.  Therefore, the Court cites to the relevant pages of the same reflected in the top right-hand corner of the document (*e.g.* "Page 7 of 22").

2

No-Fault Insurance, in violation of HRS § 431:10C-104(a).  Dkt. No. 33-4 at 1-2.

These convictions were upheld by the Hawai'i Intermediate Court of Appeals

(ICA) on June 24, 2020.  *Id.* at 6.

On April 23, 2019, Decker filed a Complaint in the Circuit Court of the

Third Circuit, State of Hawai'i, alleging a variety of Constitutional deprivations

arising from her arrest and prosecution.  Dkt. No. 1-2.  The Complaint seeks

compensatory and punitive damages pursuant to 42 U.S.C. § 1983.  *Id.* at 14.

Defendants removed the case to this Court, Dkt. No. 1, and, on May 14, 2021, filed

a motion for judgment on the pleadings, Dkt. No. 33.  Decker did not file any

opposition to the motion,[2] while Defendants have filed a non-substantive reply,

Dkt. No. 41.  Decker did, however, file a motion to add defendants on May 17,

2021.  Dkt. No. 35.[3]  This Order follows.

## LEGAL STANDARD

Defendants move under Federal Rule of Civil Procedure 12(c) for judgment

on the pleadings.  Rule 12(c) provides that, "[a]fter the pleadings are closed . . . a

party may move for judgment on the pleadings."  The standard governing a Rule

12(c) motion is "functionally identical" to that governing a Rule 12(b)(6)

---

[2]Pursuant to Local Rules 7.1(c) and 7.2, the Court set this matter for non-hearing briefing, Dkt.
No. 36, which meant that Decker had until May 28, 2021 to file an opposition.
[3]In the motion to add defendants, Decker appears to ask to add Defendants Roth and Downs,
who are already named in the Complaint.  Dkt. No. 35 at 1.  Decker also appears to seek to add
as defendants the trial judge from her criminal case and another officer involved in her arrest.  *Id.*
at 2.

motion.  *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

In that regard, Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted."  Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).  A court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff."  *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-887 (9th Cir. 2018) (quotation omitted).

When a plausible claim is not alleged, leave to amend should be given when "justice so requires."  Fed.R.Civ.P. 15(a)(2).  Justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency.  *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## JUDICIAL NOTICE

Generally, on Rule 12(b)(6) and Rule 12(c) motions, courts do not consider materials beyond the pleadings.  *See, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d

4

668, 688 (9th Cir. 2001).  However, "[w]hen considering a motion for judgment on the pleadings, [a] court may consider facts that 'are contained in materials of which the court may take judicial notice.'"  *Heliotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (citation omitted).  Under Rule 201(b)(2) of the Federal Rules of Evidence, a court may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed.R.Evid. 201(b)(2).  Thus, a court "may take judicial notice of proceedings in other courts both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quotation and internal quotation omitted).

Here, the Court takes judicial notice of the ICA's Summary Disposition Order, which is a publicly available document not subject to reasonable dispute. That Summary Disposition Order affirmed Decker's state trial court convictions and is directly relevant to Decker's claims that her Constitutional rights were violated during her arrest and prosecution.  *See, e.g.*, *Perez v. Ducart*, 2019 WL 3457841, at *3 (N.D. Cal. July 29, 2019) (taking judicial notice of, among other things, a state appellate court opinion in ruling on a motion to dismiss); *Rodriguez-Vera v. Gillmor*, 2006 WL 2520603, at *1 (D. Haw. Aug. 28, 2006) (taking judicial notice of public records from a plaintiff's criminal case in another federal court).

## DISCUSSION

Defendants argue that they are entitled to judgment as a matter of law on the ground that Decker's claims are barred by *Heck* because those claims challenge the validity of Decker's convictions for driving without a license and no-fault insurance. The Court agrees.

In *Heck*, the Supreme Court held that, in order for a plaintiff to recover damages for an allegedly unconstitutional conviction, "or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," she must prove that the conviction or sentence has been, among other things, reversed on direct appeal or called into question by the issuance of a writ of habeas corpus. 512 U.S. at 486-487. "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996). Heck operates to bar all Section 1983 claims that, if successful, "would necessarily imply the invalidity" of a criminal conviction or sentence, unless the plaintiff can show that the conviction or sentence already has been declared invalid in another forum. *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997).

Here, the Complaint rests on claims that Defendants violated Decker's Constitutional rights by unlawfully arresting and prosecuting her. Dkt. No. 1-2.

6

For example, Decker claims that she was arrested without a warrant, she was subjected to an unreasonable seizure, her confession was coerced, she was denied the right to legal counsel, exculpatory evidence was withheld, and she was deprived of her liberty and property. Compl. at 13. If successful, these claims "would necessarily imply the invalidity" of her convictions, which were *upheld* by the ICA, not invalidated. Thus, Decker's claims are barred by *Heck*.

Finally, for the same reasons, there is no ground to grant Decker leave to add more defendants because the same claims against new defendants would be similarly barred.

## CONCLUSION

For the reasons set forth herein, the motion for judgment on the pleadings, Dkt. No. 33, is GRANTED, and Decker's claims are DISMISSED WITH PREJUDICE. Plaintiff's motion to add defendants, Dkt. No. 35, is DENIED AS MOOT. The Clerk is instructed to enter Judgment in favor of Defendants and then CLOSE this case.

IT IS SO ORDERED.

DATED: June 16, 2021 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

*Decker v. Medeiros*, Civil No. 19-00244 DKW-RT; **ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, (2) DENYING LEAVE TO AMEND, AND (3) DENYING AS MOOT PLAINTIFF'S MOTION TO ADD DEFENDANTS**

7